NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re GOOGLE LLC, SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,**

*Petitioners*

---

2025-144

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in Nos. IPR2024-01464 and IPR2024-01465.

---

**ON PETITION**

---

Before DYK, LINN, and STOLL, *Circuit Judges.*

LINN, *Circuit Judge.*

**O R D E R**

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") and Google LLC jointly petitioned for *inter partes* review (IPR) of patents owned by Cerence Operating Company.  The then-Acting Director of the United States Patent and Trademark Office, through her delegee, the Patent Trial and Appeal Board, denied the petitions, concluding such review would be an inefficient use of resources given the progress of

parallel district court proceedings involving Cerence's assertion of the same patents. Google and Samsung now petition for a writ of mandamus. We deny the petition.

I.

In October 2023, Cerence sued Samsung alleging infringement of five patents. Samsung responded by asserting affirmative defenses of invalidity based in part on Apple Inc.'s Siri and Samsung's S Voice systems in combination with prior art patents and applications. Samsung and Google also jointly petitioned for IPR. Samsung stipulated that if the IPRs were instituted, it would not pursue, in the parallel civil litigation, any ground for unpatentability that it raised or reasonably could have raised in the IPR proceedings. Appx14, Appx31.

On April 23, 2025, the Board denied the petitions, relying on Board precedent that set forth a discretionary standard for denying IPR in situations of parallel civil proceedings. The Board noted, among other things, that the trial date in the civil litigation "is almost seven months before the final written decision in this proceeding would be due," Appx11, Appx28, and that "concerns of inefficiency and the possibility of conflicting decisions" weighed against institution because Samsung's district court invalidity contentions contemplate combining the Siri and S Voice systems with the prior art cited in the petitions, Appx14–15, Appx30–32. The then-Acting Director denied review of those decisions, and this petition followed.

II.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Accordingly, "three conditions must be satisfied before it may issue." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004). The petitioner must show a "clear and indisputable" right to relief. *Id.* at 381 (quoting *Kerr*, 426 U.S. at

403).    The petitioner must "lack adequate alternative means to obtain the relief" it seeks.  *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989); *Cheney*, 542 U.S. at 380.  And "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Given Congress committed institution decisions to the Director's discretion, *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 366 (2018), and protected that exercise of discretion from judicial review by making such determinations "final and nonappealable," 35 U.S.C. § 314(d), mandamus is ordinarily unavailable for review of institution decisions—including decisions denying institution based on the progress of parallel district court proceedings involving the same patents.  *See Mylan Lab'ys Ltd. v. Janssen Pharmaceutica, N.V.*, 989 F.3d 1375, 1378–79 (Fed. Cir. 2021).  We have noted possible exceptions for "colorable constitutional claims," *id.* at 1382, and certain statutory challenges, *see Apple Inc. v. Vidal*, 63 F. 4th 1, 12 n.5 (Fed. Cir. 2023).  But no such claims have been presented here.

Petitioners assert that the PTO violated the Due Process Clause and the Administrative Procedure Act by denying IPR based on the parallel district court proceedings despite Samsung's stipulations.  They focus on interim guidance from the Director in place at the time they filed their petitions instructing the Board until further notice not to "deny institution in view of parallel district court litigation where a petitioner presents a stipulation not to pursue in a parallel proceeding the same grounds or any grounds that could have reasonably been raised before the PTAB," Appx39—guidance the Acting Director rescinded just before denying their IPR petitions here.

In a separate order issued today, we denied a petition raising materially similar challenges to the recission of the Director's interim guidance, *In re Motorola Sols., Inc.*, No.

2025-134 (Fed. Cir. Nov. 6, 2025), ECF No. 44. We explained that the interim guidance did not create a constitutionally-protected property interest and that reliance on that guidance when undertaking the expense of filing petitions was insufficient to establish a constitutional violation. We further found that APA-based arguments that the recission required notice and comment rulemaking and that the PTO acted arbitrarily and capriciously in applying the recission retroactively were not cognizable statutory challenges that entitled petitioner to mandamus relief. Those conclusions likewise support denial of Petitioners' similar due process and APA challenges here.[1]

Petitioners also argue the Board violated separation of powers principles by demanding they forgo invalidity grounds that would not otherwise be required by 35 U.S.C. § 315(e). That argument, however, misconstrues the Board's decisions here. The Board simply evaluated the factors in light of the art presented both in the district court and the IPR petitions and determined that institution would be inefficient, even in light of the stipulation, because it still "would be considering the same claims . . . whose validity would have been previously tried before the district court" "almost seven months before the final written decision in th[ese] proceeding[s]." Appx11, Appx16, Appx28, Appx33. That conclusion—as to the weight of the various factors under the Director's discretion—does not

---

[1]    Google argues that it would have petitioned separate of Samsung had it known the interim guidance would be rescinded, but Google likewise was aware that the interim guidance could be rescinded at any time, and in any event Google did not request the Board to sever its requests from Samsung's. *Cf. In re DBC*, 545 F.3d 1373, 1378 (Fed. Cir. 2008) ("It is well-established that a party generally may not challenge an agency decision on a basis that was not presented to the agency.").

raise any colorable constitutional challenge and is otherwise unreviewable.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

November 6, 2025
       Date

Jarrett B. Perlow
Clerk of Court